1
2
3
4               IN THE UNITED STATES DISTRICT COURT
5            FOR THE EASTERN DISTRICT OF CALIFORNIA
6
7   Scott N. Johnson,                    )
                                         )    2:10-cv-01773-GEB-KJN
8               Plaintiff,               )
                                         )
9        v.                              )    ORDER RE: SETTLEMENT AND
                                         )    DISPOSITION
10  JD Parkfair Gardens, LLC, a          )
    California limited liability         )
11  company; CD Parkfair Gardens,        )
    LLC, a California limited            )
12  liability company; DT Parkfair       )
    Gardens, LLC, a California           )
13  limited liability company,           )
                                         )
14               Defendants.             )
    _____ )
15

16        Plaintiff filed a "Notice of Settlement" on October 22, 2010,

17  in which he states, "the parties have settled this action. Dispositional

18  documents will be filed within (30) calendar days."(ECF No. 11.)

19        Therefore, a dispositional document shall be filed no later

20  than November 22, 2010.  Failure to respond by this deadline may be

21  construed as consent to dismissal of this action without prejudice, and

22  a dismissal order could be filed.  See L.R. 160(b) ("A failure to file

23  dispositional papers on the date prescribed by the Court may be grounds

24  for sanctions.").

25        The Status Conference scheduled for November 29, 2010, is

26  continued to commence at 9:00 a.m. on December 13, 2010, in the event no

27  dispositional document is filed, or if this action is not otherwise

28

dismissed.[1] Further, a joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  October 26, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]    The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).